IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MICHELE K. HAYDEN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 21-1122-KHV |
| | ) | |
| ANDREW M. SAUL | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's Motion For Leave To Proceed In Forma Pauperis (Doc. #4) filed May 4, 2021. For reasons stated below, the Court sustains petitioner's motion.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees by a person who lacks financial means. See 28 U.S.C. § 1915(a). To proceed in forma pauperis, plaintiff must demonstrate "a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." Lister v. Dep't Of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding in forma pauperis in a civil case "is a privilege, not a right—fundamental or otherwise." White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny in forma pauperis status lies within the sound discretion of the Court. Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999). Courts recognize a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. Yellen v. Cooper, 828 F.2d 1471

(10th Cir. 1987); <u>Flanery v. Berryhill</u>, No. 19-1062-KHV-KGG, 2019 WL 2073871, at *1 (D. Kan. May 10, 2019).  When considering plaintiff's application, the Court must not act arbitrarily or deny the application on erroneous grounds.  <u>Parker v. Bd. of Pub. Util. of Kansas City, Kan.</u>, No. 08-1038-MLB, 2008 WL 11383299, at *1 (D. Kan. Feb. 11, 2008).

The Court has reviewed plaintiff's financial affidavit included in her motion.  Plaintiff asserts as follows: (1) she is currently unemployed; (2) her spouse receives disability benefits; (3) neither she nor her spouse own real property or an automobile; (4) she owes $600 in medical co-pays and (5) she will have more doctor's visits following recent surgery on her arm.  In light of the information that plaintiff provided, and consistent with the Court's liberal policy toward permitting proceedings in forma pauperis, the Court will allow plaintiff to proceed in forma pauperis.

When the Court grants a party leave to proceed in forma pauperis, 28 U.S.C. § 1915(e)(2) requires the Court to screen the party's complaint.  The Court must dismiss the case if it determines that the case (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).  Here, petitioner alleges that substantial evidence does not support the administrative law judge's finding that she is not disabled and asks the Court to reverse this finding pursuant to 42 U.S.C. § 405(g).  Because petitioner properly states a claim for relief, the Court concludes that the case does not meet any of the above grounds for dismissal.

**IT IS THEREFORE ORDERED** that petitioner's <u>Motion For Leave To Proceed In Forma Pauperis</u> (Doc. #4) filed May 4, 2021 is **SUSTAINED**.

Dated this 4th day of June, 2021 at Kansas City, Kansas.

              <u>s/ Kathryn H. Vratil</u>
              KATHRYN H. VRATIL
              United States District Judge